UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,        )
       )
       Plaintiff,        )
       )
v.        )        No.:    3:18-CR-158-KAC-DCP-13
       )
HEATHER MARIE CAIL,        )
       )
       Defendant.        )
       )
       )

## MEMORANDUM AND ORDER

This case is before the Court on Defendant's Motion for Recusal and for Reassignment of Case [Doc. 340]. Defendant moves for recusal and reassignment of the below-signed judge because one of her law clerks is married to an Assistant United States Attorney ("the AUSA") who may be "involved in the criminal forfeiture proceedings that are related to the charge of conspiracy to commit money laundering to which your Defendant has pleaded guilty" [*Id.* at 1]. The Defendant alleges that the mere existence of such a relationship creates a disqualifying "conflict of interest and/or would create such an appearance of impropriety that recusal of the instant trial judge is a necessity" [*Id.* at 2]. Because a recusal decision lies within the sound discretion of the Court, the Government neither opposes nor consents to the relief sought, but it asserts that a blanket recusal of the below-signed judge "from all matters involving the United States Attorney's Office for the Eastern District of Tennessee or in all matters in which . . . [the AUSA] has provided legal

1

work . . . lacks merit" [Doc. 341, at 1]. For the following reasons, recusal is not appropriate in this case and Defendant's motion is denied.

Under federal law, a judge must disqualify herself from a proceeding where her "impartiality might reasonably be questioned" or where she has "a personal bias or prejudice concerning a party[.]" 28 U.S.C. §§ 455(a), 455(b)(1). The law further provides that a proceeding shall be reassigned to another judge where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice."[1] 28 U.S.C. § 144.

Disqualification is not based on the subjective view of a party; rather, the law imposes an objective standard: whether "a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999) (citing *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)); *see also United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983). The moving party has the "substantial burden" of demonstrating facts sufficient to justify disqualification. *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007). While "a judge is obliged to disqualify himself when there is a close question concerning his impartiality, he has an equally strong duty to sit where disqualification is not required." *United States v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007) (internal citations omitted); *see also* 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

---

[1] The Sixth Circuit has found that the Court "may only credit facts that are 'sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient.'" *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (quoting *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004)).

§ 3549 (3d ed. 1998 & April 2017 Update) ("Although some observers have concluded that Section 455(a) abolishes the duty to sit in federal court, it is more accurate to say that it alters that duty. Accordingly, a federal judge still has a duty to sit unless there are grounds for recusal.").

Judicial impartiality is a serious matter. Here, the undersigned judge employs a law clerk who is married to an Assistant United States Attorney employed at the United States Attorney's Office for the Eastern District of Tennessee. To preserve judicial impartiality, the law clerk has been screened from performing any substantive work in a proceeding where the AUSA has performed substantive work.

Absent evidence of personal bias or prejudice on the part of a judge, "[i]f a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified." *Hunt v. Am. Bank & Trust Co. of Baton Rouge, La.*, 783 F.2d 1011, 1016 (11th Cir. 1986); *see also Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310-13 (10th Cir. 2015) (analyzing case law on law clerk- and judicial-appearance issues at length). As the Government notes, "the instant situation of an AUSA being married to a law clerk is not novel" [Doc. 341, at 2]. The properly-screened law clerk's employment alone would not cause "a reasonable, objective person, knowing all of the circumstances" to question the undersigned's impartiality, nor would it necessarily engender a personal bias or prejudice. *See Hartsel*, 199 F.3d at 820; *Doe v. Cabrera*, 134 F. Supp. 3d 439, 449 (D.D.C. 2015) ("[A]ny bias of a law clerk is imputed to the Court only when the clerk substantively participates in a case where that bias can potentially manifest itself."); *U.S. v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006) (rehearing en banc denied) ("The mere presence of . . . [a

3

former special AUSA who was screened from relevant cases] in the chambers of the district court judge does not give rise to a reasonable question of impartiality."). The record is void of any evidence sufficient for a "reasonable, objective person, knowing all of the circumstances" to question the undersigned's impartiality. *See Hartsel*, 199 F.3d at 820.

Accordingly, Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**


                                              _____
                                              KATHERINE A. CRYTZER
                                              United States District Judge